IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TIM PERRY,

        Plaintiff,

v.                              Case No. 13-1425-JTM

COWLEY COUNTY COMMUNITY
COLLEGE, MATT STONE, and
PAT MCATEE,

        Defendants.

MEMORANDUM AND ORDER

The court has before it plaintiff Tim Perry's Motion for Leave to Proceed in forma pauperis (Dkt. 3). The court grants Perry in forma pauperis status, and dismisses the case for lack of jurisdiction.

Acting pro se, plaintiff Tim Perry filed this case with the court on November 12, 2013. Perry filed his Motion for Leave to Proceed in forma pauperis and accompanying affidavit on the same day. The income and assets claimed by Perry convinces the court that he is eligible for in forma pauperis status, so the court grants his motion. However, the court must dismiss Perry's complaint for a lack of subject matter jurisdiction.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). "A court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties." *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing *Mitchell v. Maurer,* 293 U.S. 237, 243 (1934)).

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th cir. 2003) (quoting *Morris v. City of Hobart,* 39 F.3d 1105, 1111 (10th Cir. 1994)). There are two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Id.*

Federal-question jurisdiction exists for all claims "arising under the Constitution, laws, or treaties of the United States." *Id.* (quoting 28 U.S.C. § 1331). "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks and citations omitted).

Although Perry's complaint lists 28 U.S.C. § 1343 as its basis, it is clear from the facts he listed that Perry is not making a civil rights claim. Perry alleges negligent and intentional infliction of emotional distress by both the president and the head of security for Cowley County Community College. Rather than federal civil rights claims, these are classic state law claims. *See generally*, *Anspach v. Tomkins Indus., Inc.*, 817 F. Supp. 1499, 1506 (D. Kan. 1993). Further, it does not appear that any "substantial, disputed question of federal law is a necessary element" of any of Perry's claims. *See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S 1, 13 (1983). Therefore, the court must analyze diversity jurisdiction.

When jurisdiction is premised on diversity of citizenship, each plaintiff must be diverse from each defendant to have what is known as complete diversity. *Ravenswood*

*Inv. Co. v. Avalon Correctional Serv's.*, 651 F.3d 1219, 1223 (10th Cir. 2011) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 & n. 1 (1989)). Perry's complaint states that all parties, both plaintiff and all defendants, are citizens of the State of Kansas. Therefore, complete diversity does not exist and diversity jurisdiction is unavailable.

After careful review of Perry's complaint, the court has no subject matter jurisdiction over Perry's claims. Pursuant to Fed. R. Civ. P. 12(h)(3), the court must dismisses Perry's complaint.

IT IS THEREFORE ORDERED THIS 23rd day of December, 2013, that Perry's Motion to Proceed in forma pauperis (Dkt. 3) is granted and his claims are dismissed for lack of subject matter jurisdiction.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE